UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE MARTINEZ, | Case No.  1:24-cv-01245-JLT-FRS (SAB) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 14) |
| Defendant. | **FOURTEEN DAY DEADLINE** |

### **INTRODUCTION**

Plaintiff Roque Martinez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone for issuance of findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole and is not based upon proper legal standards.  Accordingly, the Court recommends the Commissioner's determination be REVERSED AND REMANDED for further proceedings.

//

1

## FACTS AND PRIOR PROCEEDINGS

On December 20, 2021, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on August 27, 2021.  (AR 214-24.)  Plaintiff asserted that he became disabled due to issues with his feet, diabetes, hypertension, GERD/reflux disease, kidney failure, heart disease, and blood clots.  (AR 252.)

Plaintiff's claim was denied initially and on reconsideration.  (AR 111-16, 118-24.)  Plaintiff then requested a hearing before an ALJ.  (AR 125.)  On May 23, 2023, ALJ Young Bechtold held a hearing.  (AR 37-60.)  Plaintiff was represented by an attorney at the hearing and impartial vocational expert ("VE") John J. Komar testified.  (*Id.*)  In a decision dated December 7, 2023, ALJ Bechtold found that Plaintiff was not disabled.  (AR 19-36.)  Plaintiff requested a review of the ALJ's decision.  On November 6, 2023, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to the Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ's December 7, 2023 decision determined that Plaintiff was not disabled under the Social Security Act.  Specifically, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 27, 2021, the alleged onset date.  (AR 24.)  Next, the ALJ found that Plaintiff had the following severe impairments: chronic/acute kidney disease, thromboembolism of the right lower extremity, diabetes mellitus, and deep venous thromboses.  (*Id.*)  The ALJ further determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 25.)

Based on a review of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except he is able to frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; never climb

2

ladders, ropes, or scaffolds; frequently handle/finger with the non-dominant left upper extremity; and must avoid exposure to hazards.  (*Id*.)  At the fourth step, the ALJ found that Plaintiff is capable of performing past relevant work as a maintenance supervisor and administrative supervisor, and that this work does not require the performance of work-related activities precluded by Plaintiff's RFC.  (AR 29.)  The ALJ accordingly concluded that Plaintiff has not been under a disability from August 27, 2021 through December 7, 2023.  (AR 30.)

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs*., 812 F.2d 509, 510 (9th Cir. 1987).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal citation quotation marks omitted).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment

which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[1]

In his opening brief, Plaintiff challenges the ALJ's disability on two main grounds: (1) that the ALJ harmfully erred by failing to develop the record and obtain an updated medical opinion concerning Plaintiff's diagnosis of mixed sensory motor polyneuropathy, and (2) the ALJ materially mischaracterized the October 2022 nerve conduction and EMG studies (the "October 2022 studies") and March 2023 nerve conduction and EMG studies (the "March 2023 studies"), and opined using lay knowledge that Plaintiff's carpal tunnel syndrome ("CTS") did not meet the durational requirement and resulted in minimal manipulative limitations.

On the issue of whether the ALJ had a duty to further develop the record, the Court finds that the ALJ's decision is not supported by substantial evidence or free from legal error.  As Plaintiff is entitled to summary judgment based on the foregoing, the Court does not reach the second issue regarding whether the ALJ appropriately found that Plaintiff's CTS did not meet the durational requirement and resulted in minimal manipulative limitations.

### A. ALJ's Duty to Develop the Record

First, Plaintiff asserts that the ALJ erred by failing her duty to develop the record and obtain an updated medical opinion as to Plaintiff's functioning and impairment related to his diagnosis of mixed sensory motor polyneuropathy.  Plaintiff points to two pieces of medical evidence related to this diagnosis and argues that they are "unreviewed": the October 2022 testing

---

[1] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

that suggested a diagnosis of mixed sensory motor polyneuropathy, and the March 2023 EMG studies documenting "severe" CTS and recommending surgery.[2] (Doc. 14 at 10.) Plaintiff argues that the ALJ should have requested an updated consultative examination, testimony from a medical expert, or contacted Plaintiff's current treating physicians to address the unreviewed reports and "expertly translate them into functional limitations based on medical evidence," rather than using her lay knowledge to opine that Plaintiff's CTS did not meet the durational requirements. (*Id.*) Plaintiff challenges that neither the October 2022 studies nor the March 2023 studies were reviewed by a medical provider when formulating the RFC determination, and that the ALJ's RFC is not supported by substantial evidence because it fails "to include more restrictive manipulative and standing/walking/balancing limitations . . . based on unreviewed esoteric studies." (*Id.* at 12.)

Second, Plaintiff argues that the ALJ materially mischaracterized the October 2022 studies as "inconclusive" regarding the functional limitations of Plaintiff's CTS. (*Id.* at 10.) Plaintiff contends that the ALJ used her lay knowledge to conclude that Plaintiff's CTS (1) did not meet the durational requirement, (2) was a new impairment, and (3) resulted in minimal manipulative limitations. (*Id.* at 2.) Plaintiff asserts that "[b]ecause the ALJ impermissibly interpreted medical evidence not susceptible to a lay interpretation or otherwise failed to adequately explain how the medical evidence supported the limitations caused by Plaintiff's (impairments) the ALJ's RFC assessment is not supported by substantial evidence." (Doc. 14 at 17.)

Defendant responds that the ALJ had no further duty to supplement the record because the record regarding Plaintiff's CTS was neither ambiguous nor inadequate to allow for a proper evaluation of the evidence. (Doc. 21 at 6.) Defendant further contends that that any duty to develop the record was satisfied by the ALJ holding the record open after the hearing to receive outstanding medical records.[3] (*Id.*) Defendant argues that the October 2022 nerve conduction

---

[2] As noted by Plaintiff in his opening brief, Exhibit 24F contains the reports of several medical providers spanning several dates. (*See* Doc. 14 at 9-10.) Because Plaintiff and the ALJ refer to Exhibit 24F as the "March 2023 studies," the Court will do the same.

[3] The ALJ left the record open for fourteen days after the hearing to receive additional records.

5

studies do in fact show that Plaintiff's CTS does not meet the durational requirement, as Plaintiff does not point to earlier medical records showing objective evidence that the CTS lasted twelve or more months.  (*Id.* at 4-5.)  Defendant further argues that there is no harmful error, as the ALJ still accounted for Plaintiff's CTS in the RFC assessment by limiting Plaintiff to light work and frequent manipulative limitations with the left upper extremity.  (*Id.* at 5.)

Regarding Plaintiff's claims of neuropathy, Defendant argues that Plaintiff does not provide evidence of medical signs or laboratory findings showing that a medically determinable impairment is present relating to issues with Plaintiff's feet, as required under 20 C.F.R. § 404.1529(b).  (Doc. 21 at 5-6.)  Defendant argues that Plaintiff's allegations of disabling neuropathy in his feet were not supported by the record.  (*Id.*)

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).  The ALJ is not required to seek evidence or order further examination of an asserted condition if no medical evidence indicates that such an impairment exists. *Ollar v. Colvin*, No. 1:13-CV-1450-BAM, 2015 WL 1347733, at *6 (E.D. Cal. Mar. 24, 2015).  Accordingly, the ALJ's duty to conduct an appropriate inquiry is triggered only where evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Ollar*, 2015 WL 1347733, at *8.  When the duty to develop the record is triggered, the ALJ can develop the record by (1) making a reasonable attempt to obtain medical evidence from the claimant's treating sources; (2) ordering a consultative examination when the medical evidence is incomplete or unclear and undermines the ability to resolve the disability issue; (3) subpoenaing or submitting questions to the claimant's physicians; (4) continuing the hearing; or (5) keeping the record open for more supplementation. *Ollar*, 2015 WL 1347733, at *8 (citing *Tonapetyan,* 242 F.3d at 1150; 20 C.F.R. § 416.917).

(AR 41.)  Medical records submitted by Plaintiff after the hearing were entered into the record as Exhibits 23F (AR 3833-56) and 24F (AR 3857-72), which are the October 2022 and March 2023 studies respectively.

Here, the Court agrees that the ALJ should have further developed the record relating to Plaintiff's diagnosis of mixed sensory motor polyneuropathy.  First, there is objective evidence supporting the claim that the impairment exists, including ongoing clinical observations of neuropathy and an apparent diagnosis of the condition.  (AR 3841, 3847, 3863.)  Second, the record contains ambiguous evidence and is inadequate for proper evaluation.  The ALJ finds that there is "no evidence of any related diagnosis or treatment" related to Plaintiff's problems with his feet (AR 25), and likewise discount's Plaintiff's testimony regarding neuropathy in his feet.  (AR 26.)  However, the October 2022 report shows that an EMG study was performed in upper *and lower* extremities, that "[m]otor unit morphology revealed large amplitude long duration polyphasic MUAP's with reduced interference patterns in lower extremity," and concludes that the study "shows evidence of involvement of motor and sensory nerves with chronic neuropathy MUAP's suggestive of chronic motor sensory polyneuropathy with demyelinating and axonal features with no co existing evidence of myopathy."  (AR 3847.)  The March 2023 studies also concerns Plaintiff's diagnosis of mixed sensory motor polyneuropathy but does not opine on how the diagnosis could affect Plaintiff's lower extremities.  (AR 3857-72.)  Third, the October 2022 studies generated medical evidence that may bolster Plaintiff's subjective testimony regarding neuropathy in his feet, *see* AR 47 (Plaintiff testifies that he experiences neuropathy in his feet and is "unable to stand on a long walk"), or otherwise contribute to proper evaluation of the evidence. *See Goodman v. Berryhill*, No. 2:17-CV-01228 CKD, 2019 WL 79016, at *6 (E.D. Cal. Jan. 2, 2019) (duty to develop the record triggered where there is "some objective evidence suggesting a condition that could have a material impact on the disability decision.").

The October 2022 studies do not provide sufficient indications of Plaintiff's functional limitations, and the few findings that can translate to functional limitations are so technical as to be ambiguous.  (AR 3847-55.)  The ALJ cannot translate this technical data into functional limitations on her own, as the study's findings and conclusion "appear to be very medical in nature and not susceptible to a lay understanding." *Escudero v. Comm'r of Soc. Sec.*, No. 1:18-CV-01136-EPG, 2019 WL 4917634, at *2 (E.D. Cal. Oct. 4, 2019) (finding that the ALJ improperly failed to develop the record to obtain a physician opinion to evaluate technical

medical records).  The ALJ's decision seems to acknowledge the technical nature of the study's findings and the difficulty of evaluating the conclusions, as the ALJ did not summarize the October 2022 study and mentioned them only briefly to characterize them as "inconclusive." (AR 25.)

Because the ALJ's assessment of the October 2022 medical evidence lacks a medical foundation, it represents an improper substitution of the ALJ's lay judgment for that of a medical expert.  The Court acknowledges that the ALJ kept the record open to allow Plaintiff's counsel to submit the October 2022 and March 2023 studies after the hearing.  (AR 41.)  However, the ALJ still cannot substitute her lay opinion for that of the medical experts regarding Plaintiff's diagnosis of chronic motor sensory polyneuropathy.  *See generally, Tackett v. Apfel,* 180 F.3d 1094, 1102–03 (9th Cir.1999) (ALJ may not substitute his or her own opinion instead of relying on the opinions of medical professionals); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) ("ALJ cannot arbitrarily substitute his own judgment for competent medical evidence [ ], and he must not succumb to the temptation to play doctor and make his own independent medical findings"); *see Sean M. v. Berryhill*, No. 3:18-CV-02272-GPC-RNB, 2019 WL 2436539, at *3 (S.D. Cal. June 11, 2019), *report and recommendation adopted sub nom. McAnally v. Berryhill*, No. 3:18-CV-02272-GPC-RNB, 2020 WL 1443734 (S.D. Cal. Mar. 25, 2020) (duty to develop the record not discharged when ALJ held the record open and received supplemental medical evidence because decision was still not supported by substantial evidence).  The State agency consultants who reviewed the case file at the initial and reconsideration levels did not opine on the diagnosis of mixed sensory motor polyneuropathy.  (AR 61-83, 85-104.)  And while Plaintiff was examined by a consultative examiner at the request of the State agency (*see* AR 3325-31), the examination occurred prior to the October 2022 and March 2023 studies and does not opine on how the diagnosis of mixed sensory motor polyneuropathy could affect Plaintiff's functioning or limitations.  *See Escudero*, 2019 WL 4917634, at *2 (ALJ should have obtained a physician opinion to evaluate technical medical documents that were not susceptible to a lay understanding and post-dated available medical opinions).

An ALJ's decision may be set aside due to her failure to develop the record if the claimant

8

can demonstrate prejudice or unfairness as a result of the failure. *Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir.1991). Here, the ALJ relied on her own view of the medical record, and this improper determination does not represent a fair assessment of Plaintiff's impairments. For these reasons, the ALJ failed her duty to fully develop the record and her resulting efforts to weigh the October 2022 study and the March 2023 studies are therefore erroneous.

**B. Remand is Required**

Plaintiff requests that the Court "remand this case to SSA for proper consideration of the unreviewed esoteric medical evidence documenting the new diagnosis of mixed sensory motor polyneuropathy based on unreviewed, esoteric October 2022 studies which the ALJ materially mischaracterized as 'inconclusive" and the unreviewed March 2023 studies documenting 'severe' CTS which the ALJ harmfully and erroneously 'played doctor' using lay knowledge to opine only resulted in 'frequent' manipulative limitations because the impairment did not meet the durational requirement." (Doc. 14 at 18.)

Remand is required to fully develop the record. As noted above, the October 2022 report provides "some objective evidence suggesting a condition that could have a material impact on the disability decision." *Goodman*, 2019 WL 79016, at *6. Here, this incomplete determination does not represent a fair assessment of Plaintiff's impairments. For these reasons, the ALJ failed her duty to fully develop the record and her resulting efforts to weigh the incomplete medical evidence are erroneous. This matter will be remanded so the whole record may be fully and properly addressed by the ALJ in evaluating the medical opinions and the resulting residual functional capacity.

As Plaintiff is entitled to summary judgment based on the ALJ's duty to develop the record, the Court does not reach the issue whether the ALJ erred in her decision that Plaintiff's CTS failed to meet the durational requirement. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). On remand, the ALJ shall retain a consultative examiner or medical expert, and either credit his or her opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting it. The ALJ is also free to develop the

record in other ways as needed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole or based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is granted;

2. This matter is remanded for further proceedings consistent with this order; and

3. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Roque Martinez, and against Defendant Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 30, 2026**                    _____

STANLEY A. BOONE
United States Magistrate Judge

10